IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALICIA WEIR,

       Plaintiff,

v.

                                                   Case No. 15-1300-JTM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff Alicia Weir seeks review of a final decision by the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff alleges error with regard to the Administrative Law Judge's ("ALJ") assessment of her residual functional capacity ("RFC"). Finding no error, the court affirms the Commissioner's decision.

**I.**       **Factual and Procedural Background**

      Weir applied for SSI on May 21, 2012, alleging that she was disabled as of January 1, 1999, due to chronic obstructive pulmonary disease (COPD), arthritis, spinal stenosis, hepatitis C, no white blood cell count, depression, MRSA, broken humerous (arm), and thyroid problems. R. at 95-96. The Commissioner denied her application upon initial review and upon reconsideration. Weir appeared and testified at a hearing before ALJ Michael Shilling on March 11, 2014.

      The ALJ issued an unfavorable decision against Weir on April 9, 2014. *Id.* at 56-68. He found that Weir suffered from the following severe impairments: disorder of back, obesity, COPD, myofascial pain disorder, substance abuse disorder, affective disorder (variously

diagnosed as depression and bipolar disorder), and anxiety disorder/PTSD. *Id*. at 61. The ALJ also found that Weir received treatment or has a history of the following non-severe conditions: hypothyroidism, hepatitis C positive, autoimmune neutropenia (a type of low white blood cell count), MRSA, Steven-Johnson syndrome, rheumatoid arthritis, and a shoulder fracture. *Id.* at 61. Despite these findings, the ALJ determined that Weir's impairments did meet or medically equal the severity of a listed impairment. The ALJ concluded that Weir's RFC allowed her to perform sedentary work. *Id.* at 63. He further concluded that Weir was not disabled because, considering her age (45), education, work experience, and RFC, she can perform jobs that exist in significant numbers in the national economy. *Id.* at 67. The Appeals Council denied Weir's request for review (*Id.* at 1-4), and she timely filed an appeal with this court pursuant to 42 U.S.C. § 405(g).

## II.     Legal Standard

Under the Act, the court takes as conclusive the factual findings of the Commissioner so long as they are "supported by substantial evidence." 42 U.S.C. § 405(g). The court accordingly looks to whether the factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" means "more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion." *Barkley v. Astrue*, 2010 WL 3001753, *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). In making this determination, the court must "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

A claimant is disabled if he suffers from a physical or mental impairment which stops the claimant "from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience." *Barkley*, 2010 WL 3001753, *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a). The steps are designed to be followed in order. If it is determined at any step of the evaluation process that the claimant is or is not disabled, further evaluation is unnecessary. *Barkley*, 2010 WL 3001753, at *2.

The first three steps require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). If the impairment does not meet or equal a designated impairment, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite

limitations from her impairments." *Barkley*, 2010 WL 3001753, *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or can generally perform other work that exists in the national economy. *Barkley*, 2010 WL 3001753, *2 (citing *Williams*, 844 F.2d at 751). The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work. *Lax*, 489 F.3d at 1084. The burden then shifts to the Commissioner at step five to show that, despite the impairments, the claimant can perform other work in the national economy. *Id*. *See also Boham v. Colvin*, No. 15-1085-JTM, 2016 WL 1298094, at *2 (D. Kan. Mar. 31, 2016).

### III. Analysis

Plaintiff alleges the ALJ's RFC assessment was not supported by substantial evidence because the ALJ: 1) omitted Dr. Cohen's opinion that Weir had a moderate limitation in maintaining attention and concentration for extended periods (R. at 117); 2) omitted Dr. Neufield's opinion that "without any symptom relief, [Weir's] ability to maintain adequate performance over the course of a typical 40-hour work week was somewhat questionable" (R. at 825); and 3) omitted nurse Cork's opinion that Weir had a moderate limitations with respect to maintaining attention and concentration for extended periods and completing a normal workday and workweek. Plaintiff essentially complains that the ALJ erroneously formulated the RFC by finding that plaintiff could maintain attention and concentration for two-hour periods.

The ALJ determined that plaintiff retained the RFC to perform sedentary work except:

She may occasionally climb, balance, stoop, crouch, kneel or crawl. She must avoid prolonged exposure to chemicals, dusts, fumes/noxious odors. She may do simple tasks but is limited to jobs that do not demand attention to details or

> complicated job tasks or instructions. She may work in proximity to others, but is limited to jobs that do not require close cooperation and interaction and cooperation with the general public. She retains the ability to maintain attention and concentration for minimum 2 hour periods at a time, adapt to changes in the workplace on a basic level, and accept supervision on a basic level.

R. at 63.

### Dr. Cohen

Dr. Cohen's mental RFC assessment included a rating and a narrative explanation. Dr. Cohen rated plaintiff's ability to maintain attention and concentration for extended periods as "moderately limited." R. at 117. He provided the following narrative explanation:

> Attention and concentration are intact. However, the [Claimant] may have some lapses in focus secondary to interference from pain and/or mood instability which would make it difficult for her to consistently perform tasks requiring sustained concentration over long periods of time.

*Id.*

Even though the ALJ omitted Dr. Cohen's "moderately limited" rating, the ALJ incorporated Dr. Cohen's narrative findings by limiting plaintiff to simple tasks and unskilled work. The Tenth Circuit has found no error when the ALJ did not include the rating, but adopted the consultant's narrative discussion. *Lee v. Colvin*, 631 Fed. Appx. 538, 541 (10th Cir. Nov. 12, 2015); *Smith v. Colvin*, 821 F.3d 1264, 1268-1269 & n.1 (10th Cir. May 9, 2016); *Nelson v. Colvin*, CIV-14-982-STE, 2015 WL 5231131, at *4 (W.D. Okla. Sept. 8, 2015), aff'd, No. 15-6226, 2016 WL 3865856 (10th Cir. July 12, 2016). *See also Makovec v. Colvin*, No. 15-1223-SAC, 2016 WL 4382805, at *5 (D. Kan. Aug. 17, 2016). As noted in *Nelson*, the definition of unskilled work, as set out in SSR 96-9p, does not require the ability to maintain attention and concentration for extended periods. *Nelson*, 2016 WL 3865856 at *2. Additionally, plaintiff offers only an unsubstantiated assumption that a "moderate" limitation in maintaining attention and concentration is the equivalent of a complete inability to perform these mental demands.

5

*Baker v. Colvin*, Case No. 15-CV-00910, 2016 WL 4128435, at *13 (N.D. Ohio Aug. 3, 2016) ("If [similar] argument were credited, all claimants who are found to have moderate limitations in these areas would *automatically be disabled* due to their inability to perform the mental requirements of all work.") (emphasis in original). By limiting plaintiff to unskilled work, the ALJ effectively accounted for the moderate limitation in the ability to maintain attention and concentration for extended periods. For these reasons, the court finds plaintiff's first assignment of error to be without merit. The ALJ's mental RFC findings are consistent with Dr. Cohen's findings.

### Dr. Neufield

Dr. Neufield opined, in pertinent part:

> The nature and severity of the claimant's distress indicated that she would likely experience occupation interference in relation to ongoing psychological concerns (e.g., intense sadness, uncontrolled tearfulness, decreased energy and motivation, feelings of worthlessness, social discomfort and withdrawal, feeling easily overwhelmed, intrusive recollections of past events, hypervigilance, etc.). However, her performance on mental status exam tasks did not confirm that psychological difficulties alone would entirely preclude her ability, across all employment settings, to adequately 1) understand and remember simple instructions and 2) sustain concentration, persistence and pace in a work setting; or 3) maintain appropriate social interactions with coworkers, supervisors, and the general public. Despite her performance in this regard, without any symptom relief, the claimant's ability to maintain adequate performance over the course of a typical 40-hour work week was somewhat questionable given the nature and severity of psychological concerns evident at the time of the exam.

R. at 825. Plaintiff argues that the ALJ's RFC assessment failed to address the last statement. The court disagrees. First, the subject statement is vague and contradicts plaintiff's performance on the mental exam. Second, the ALJ discussed Dr. Neufield's opinion in conjunction with Dr. Cohen's and Dr. Barnett's, both of whom concluded that plaintiff is able to perform basic work activities from a mental perspective. Third, Dr. Cohen explained that Dr. Neufield's report was generally consistent with limiting plaintiff to "simple to intermediate level work in a setting with

6

low social demands." (R. at 118). Fourth, as to the limiting effects of her alleged symptoms, the ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects were not entirely credible (R. at 64). The ALJ cited evidence to support that finding, including plaintiff's contradictory admissions regarding her cocaine relapses, her convictions for crimes of dishonesty, and her noncompliance with mental health care. Credibility determinations "are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence, as is the case here. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). The ALJ limited plaintiff to sedentary, unskilled work, which effectively accounted for Dr. Neufield's comment regarding plaintiff's ability to maintain adequate performance over the course of a typical 40-hour work week.

### Nurse Cork

Finally, plaintiff claims the AJL failed to explain why he did not adopt Nurse Cork's opinion that Weir had moderate limitations regarding the ability to: 1) maintain attention and concentration for extended periods, and 2) complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest period. R. 707-708. Nurse Cook's assessment of plaintiff's abilities consists of marking boxes to indicate "not significantly limited," "moderately limited," "markedly limited," or "extremely limited." She offered no narrative explanation. The ALJ sufficiently explained the extent to which he gave weight to Nurse Cork's opinion. He rejected her opinion that plaintiff could not maintain a schedule or stay punctual because it appeared to be based on the claimant's "no shows" rather than her mental condition. Likewise, he rejected her opinion as to plaintiff's ability to accept supervision as there was no evidence to support that claim. As to sustained concentration and persistence, as discussed above in both Drs.

Cohen's and Neufield's section, the ALJ accounted for both moderate limitations by limiting plaintiff to sedentary, unskilled work.

**IV.    Conclusion**

In sum, Weir has shown no error in the ALJ's RFC determination, which is supported by substantial competent evidence. Nor has she shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **AFFIRMED**, and Plaintiff's request for attorney's fees is **DENIED**.

**IT IS SO ORDERED** this 24th day of October, 2016.

                                                s/   J. Thomas Marten
                                                J. THOMAS MARTEN, District Judge